Ronald Tran (State Bar No. 294873)
Regan Heslop (State Bar No. 346293)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Ronald.Tran@jacksonlewis.com
E-mail: Regan.Heslop@jacksonlewis.com

Attorneys for Defendant
SAN FRANCISCO BAY AREA RAPID
TRANSIT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL GREGOIRE, an individual, | Case No. 3:25-cv-02150-TSH |
| Plaintiff(s), | **DISCOVERY BRIEF** |
| v. | Judge:   Hon. Thomas S. Hixson |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a local transit agency, | Complaint Filed:  03/02/2025<br>Trial Date:   01/25/2027 |
| Defendant(s). | |

Pursuant to the Court's Order dated December 29, 2025 (ECF No. 29), Defendant San Francisco Bay Area Rapid Transit District ("Defendant") independently submits the following letter brief as Plaintiff Karl Gregoire ("Plaintiff") and his Counsel have failed to respond to Defendant's request for Plaintiff's input by the time necessary for filing.

**I.   DEFENDANT'S POSITION**

On or about July 22, 2025, Defendant served Plaintiff with Requests for Admissions, Set One ("RFAs"), Special Interrogatories, Set One ("SROG"), and Requests for Production of Documents, Set One ("RPDs"). Plaintiff's responses were due no later than August 21, 2025. Plaintiff failed to timely respond. Defendant sent a meet and confer letter to Plaintiff on August 29, 2025, requesting responses, without objections, by September 8, 2025. Plaintiff again failed

to provide responses.

Plaintiff's counsel agreed to provide verified responses, without objections, by November 2, 2025. Plaintiff again failed to provide timely responses. On November 4, 2025, Defendant's counsel again emailed Plaintiff's counsel requesting Plaintiff's discovery responses. On November 7, 2025, Plaintiff's counsel stated she would provide responses once she received verifications from Plaintiff.

On November 14, 2025, Plaintiff served verified responses to Defendant's RFAs and SROGs. Plaintiff failed to respond to Defendant's RPDs, and similarly failed to produce any documents.

Pursuant to Rule 27(a) and Local Rule 37-1(a), Defendant sent Plaintiff a meet and confer letter on December 11, 2025, informing Plaintiff of the deficiencies in his response to Defendant's RFAs and SROGs, and that it had not received responses, or accompanying documents, to Defendant's RPDs. Given Defendant's pending motion to compel deadline of December 29, 2025, Defendant requested that Plaintiff supplement his responses no later than December 19, 2025. Should Plaintiff need more time to supplement the responses, Defendant expressed willingness to provide a short extension if Plaintiff extended Defendant's motion to compel deadline accordingly. Defendant noted it would require compliant supplemental responses and document production before the Parties' upcoming Mandatory Settlement Conference scheduled on January 12, 2026 in order to facilitate fruitful settlement discussions. Plaintiff again failed to respond. Defendant's December 11, 2025 meet-and-confer letter outlined the following issues:

SROG Nos. 1, 4, 7, 10, 13, 16:

These SROGs ask Plaintiff to state all facts supporting his various claims. Plaintiff simply copied and pasted the identical allegations from his Complaint. This is an inadequate and evasive response.

SROG Nos. 3, 6, 9, 12, 15, 18:

These SROGs ask Plaintiff to identify all documents supporting his various claims. Plaintiff simply copied and pasted reference to the same three documents: "November 8. 2021 Request for Religious Exemption; November 12, 2021 Letter from Pastor; December 2, 2021

1  Denial of Request for Religious Exemption." This is also an inadequate and evasive response.

2  SROG No. 20:

3  This SROG asks Plaintiff to describe in detail how he calculated the total amount of
4  economic loss he claims to have sustained as a result of Defendant's alleged conduct. In response,
5  Plaintiff merely states: "Responding Party calculated his losses by multiplying his yearly salary
6  by 5 years, multiplying his yearly employment benefits by 5 years and calculating the pension
7  benefits he would have been entitled to at retirement but for the discrimination by BART. Plaintiff
8  will have an expert render a full calculation prior to trial." This is non-responsive as it does not
9  describe in detail, including damages figures, the calculation of total purported economic loss.
10 Plaintiff's response is purposely evasive and unhelpful.

11 SROG No. 24:

12 This SROG asks Plaintiff to identify the name, address and telephone number of each and
13 every medical professional, psychological professional, or other healthcare providers who
14 rendered any treatment, opinion, or diagnosis consulted for any emotional distress or mental and
15 physical pain and anguish Plaintiff allegedly suffered as a result of Defendant's alleged conduct.
16 Plaintiff refused to provide any substantive response.

17 SROG No. 25:

18 This SROG asks Plaintiff to state the name, address, and telephone number of any
19 individual from whom he, or anyone acting on his behalf, obtained a written or recorded statement
20 concerning the adverse employment action(s) alleged in his Complaint. Plaintiff again refused to
21 provide a response.

22 SROG No. 27:

23 This SROG asks Plaintiff to identify all vaccines other than the COVID-19 vaccine that he
24 took since reaching the age of majority in the State of California. Plaintiff again refused to provide
25 a response.

26 SROG No. 33:

27 This SROG asks Plaintiff to state all facts supporting each response to BART's Request
28 for Admissions that are not an unequivocal admission. Despite Plaintiff denying that he seeks

"severe" emotional distress in RFA No. 23, he failed to provide a response.

SROG No. 35:

This SROG asks Plaintiff to identify all documents supporting each response to BART's RFAs that are not an unequivocal admission. Plaintiff provides a single response: "November 8. 2021 Request for Religious Exemption; November 12, 2021 Letter from Pastor; December 2, 2021 Denial of Request for Religious Exemption; OSHA standards Title 8 Div 1 Chapter 4, section 3205." This response is inadequate. Defendant's definition of "IDENTIFY" provides: "[w]hen used with reference to a document, the terms mean the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), and name and address of its present custodian." Plaintiff failed to state the author, addressee, type, and name/address of its present custodian. Moreover, the SROF calls for identification of documents for "each" RFA that is not an unequivocal admission. Plaintiff was required to identify which documents are responsive to which RFA, rather than a blanket single response.

RFA No. 15:

This RFA asks Plaintiff to admit that he has taken vaccines other than the COVID-19 vaccine since he reached the age of majority in the State of California. Plaintiff refused to provide a response. On this basis, the request should be deemed admitted. Fed. R. Civ. P. 36(a)(3).

RFA Nos. 22, 23:

These RFAs ask Plaintiff to admit that he is seeking either garden variety or severe emotional distress. Plaintiff denied both admissions. These responses are nonsensical as Plaintiff alleges emotional distress damages of some kind in his Complaint and otherwise claims "severe" emotional distress in SROG 21 and 23.

Requests for Production of Documents

Plaintiff has neglected to respond at Defendant's RPDs and has not produced any documents.

                                       Respectfully Submitted,

Dated: January 6, 2026                    JACKSON LEWIS P.C.

                                       By: */s/ Regan Heslop*
                                              Ronald Tran
                                              Regan Heslop
                                              Attorneys for Defendant
                                              SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

4900-6473-3830, v. 2