UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARL GREGOIRE,

          Plaintiff,

    v.

BOARD OF TRUSTEES OF SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

          Defendant.

Case No.  25-cv-02150-TSH

**SECOND ORDER TO SHOW CAUSE**

Re: Dkt. No. 40

On April 24, 2026, Plaintiff filed an opposition to Defendant's pending motion for sanctions.  ECF No. 40.  Having reviewed Plaintiff's filing, the Court is unable to locate three of the four cases cited therein[1] and is concerned that these inaccuracies suggest the possible use of generative artificial intelligence tools resulting in hallucinations.  Counsel of record is responsible for ensuring the accuracy and reliability of all submissions to the Court, including any content drafted with the assistance of artificial intelligence tools.  *See* Fed. R. Civ. P. 11(b) (attorneys have a duty to conduct a reasonable inquiry into the facts and the law when filing pleadings and motions).  While the Court does not prohibit or oppose the use of AI in legal advocacy, if AI tools are utilized, parties have a duty to "independently verif[y] the accuracy of AI-generated content." *See Oneto v. Watson*, 808 F. Supp. 3d 974, 979, 981 (N.D. Cal. 2025) (awarding sanctions against counsel for citing fictitious cases).  Thus, counsel must not present authorities that have not been independently confirmed, and counsel remains fully accountable for the contents of any filing submitted under counsel's signature.

[1] The Court does not include the names of these cases here, as doing so could inadvertently amplify any error that these cases exist.

Accordingly, **IT IS HEREBY ORDERED** that Jessica R. Barsotti, counsel for Plaintiff Karl Gregoire, shall file a declaration by May 4, 2026 that:

(1) identifies, verbatim and by page and line, each statement or quotation in the opposition that cites to a legal authority;

(2) explains the origin of each such statement and citation, including whether any generative artificial intelligence tool was used in preparing any portion of the filing, and, if so, which tool(s) and how they were used;

(3) sets forth the steps counsel took prior to filing to verify the accuracy of the statements and citations, including citation checking and review of the record and authorities; and

(4) if appropriate, provides corrected citations, supported by pinpoint references to the sources.

The Court advises counsel that failure to comply with this Order, or a finding that counsel submitted inaccurate or unreliable content without adequate verification, may result in the Court issuing sanctions, including striking the filing in whole or in part, referral to the appropriate authorities; and monetary or other sanctions as appropriate to the circumstances and consistent with this Court's authority.

**IT IS SO ORDERED.**

Dated: April 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2