UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARL GREGOIRE,

          Plaintiff,

     v.

SAN FRANCISCO BAY AREA RAPID
TRANSIT DISTRICT,

          Defendant.

Case No.  25-cv-02150-TSH

**THIRD ORDER TO SHOW CAUSE**

On April 1, 2026, Defendant San Francisco Bay Area Rapid Transit District filed a motion for terminating sanctions.  ECF No. 34.  After Plaintiff Karl Gregoire failed to file an opposition in compliance with Civil Local Rule 7, on April 16 the Court ordered him to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 37.  On April 24 Plaintiff filed an opposition, as well as the declaration of his counsel, Jessica R. Barsotti, indicating the failures at issue were caused by Ms. Barsotti's personal and medical circumstances and firm-management issues, not Plaintiff's conduct.  ECF No. 40.  As such, Court discharged the show cause order.  ECF No. 41.  However, in its reply brief, Defendant San Francisco Bay Area Rapid Transit District has presented evidence that portions of counsel's declaration appear to be inaccurate.  ECF No. 43.

In her declaration, Ms. Barsotti declares that "[i]n December 2025, my law-practice partner retired unexpectedly, leaving me as the sole attorney responsible for managing our firm and all of its matters, including this case."  Barsotti Decl. ¶ 3.  However, Defendant has provided an email dated April 3, 2026 from counsel's former law-practice partner, Rita Barnett-Rose, which was sent to Ms. Barsotti and Defendant's counsel in this case, stating "I have been retired from the practice of law for over a year and do not represent any party in this action."  ECF No. 43, Ex. A.

United States District Court
Northern District of California

Defendant has also directed the Court's attention to an April 23, 2026 filing by Ms. Barnett-Rose in another case pending in this District in which she indicates "I have also been retired from the practice of law for over a year." *Id.*, Ex. B; *see Fergus v. San Francisco Bay Area Rapid Transit*, Case No. No. 3:25-cv-05993-TLT, ECF No. 42 (Notice of Non-Representation and Clarification of Counsel Status).

Additionally, Ms. Barsotti declares that between April 2, 2026, to April 24, 2026, she was in a treatment facility that rendered her "unable to attend court-scheduled conferences, respond to discovery, or prepare written motions. . . . attend the Court-scheduled Mandatory Settlement Conference; respond to the discovery intervention; attend or otherwise arrange for Plaintiff's noticed deposition; and file an opposition to BART's motion for sanctions." Barsotti Decl. ¶¶ 5, 8-9. However, during this same time, on April 13, 2026, Ms. Barsotti filed declarations and oppositions to motions in an unrelated matter in state court against BART. ECF No. 43, Ex. C (Oppositions to motions in *Gregson v. San Francisco Bay Area Rapid Transit District*, Alameda County Superior Court, Case No. 25CV107696).

Federal Rule of Civil Procedure 11 states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party [is] certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Where Rule 11 is violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Courts have the power to issue sanctions on their own initiative, after ordering the "attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c). Accordingly, Jessica Barsotti is **ORDERED TO SHOW CAUSE** by filing a written explanation by May 13, 2026 as to why her representations described above do not warrant sanctions, including striking the opposition and her declaration in whole or in part, referral to the appropriate authorities; and monetary or other sanctions as appropriate to the circumstances and consistent with this Court's authority.

Ms. Barsotti shall serve a copy of this Order to Show Cause on Plaintiff Karl Gregoire and shall file proof of service by May 8, 2026.

**IT IS SO ORDERED.**

Dated: May 6, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3