UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARL GREGOIRE,

Plaintiff,

v.

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

Defendant.

Case No.  25-cv-02150-TSH

**ORDER SANCTIONING PLAINTIFF'S COUNSEL, JESSICA BARSOTTI**

## I.    INTRODUCTION

On April 27, 2026, the Court ordered Plaintiff Karl Gregoire's counsel, Jessica R. Barsotti, to show cause why sanctions or other appropriate disciplinary action should not issue for her inclusion of nonexistent and erroneous case citations in Plaintiff's opposition to Defendant San Francisco Bay Area Rapid Transit District motion for sanctions.  ECF No. 42.  Ms. Barsotti has failed to respond.  For the reasons explained below, the Court imposes sanctions against Ms. Barsotti pursuant to Federal Rule of Civil Procedure 11(b).

## II.    BACKGROUND

On April 1, 2026, Defendant filed a motion for terminating sanctions.  ECF No. 34.  After Plaintiff failed to file an opposition in compliance with Civil Local Rule 7, the Court ordered him to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines.  ECF No. 37.  On April 24 Plaintiff filed an opposition (ECF No. 40) and a declaration from Ms. Barsotti (ECF No. 40-1).

After reviewing Plaintiff's opposition, the Court was unable to locate three of the four cases cited therein.[1]  Concerned that these inaccuracies suggest hallucinations from the use of

_____

[1] The Court does not include the names of these cases here, as doing so could inadvertently amplify any error that these cases exist.

generative artificial intelligence tools, the Court issued a second show cause order, directing Ms. Barsotti to file a declaration by May 4, 2026 that:

> (1) identifies, verbatim and by page and line, each statement or quotation in the opposition that cites to a legal authority;
>
> (2) explains the origin of each such statement and citation, including whether any generative artificial intelligence tool was used in preparing any portion of the filing, and, if so, which tool(s) and how they were used;
>
> (3) sets forth the steps counsel took prior to filing to verify the accuracy of the statements and citations, including citation checking and review of the record and authorities; and
>
> (4) if appropriate, provides corrected citations, supported by pinpoint references to the sources.

ECF No. 42. The Court warned that failure to comply with the order, or a finding that counsel submitted inaccurate or unreliable content without adequate verification, may result in the Court issuing sanctions under Rule 11(b). Ms. Barsotti has failed to respond.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides in part that, in presenting to a court a written and signed pleading, motion, or other paper, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Under Rule 11(b), an attorney who signs a legal document certifies that they have "read the document, [ ] conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991); *see also Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." (citation omitted)). Rule 11(b) thus imposes on counsel an affirmative duty to investigate the caselaw they cite before submitting a court filing. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987).

2

Courts apply an objective test in assessing whether Rule 11(b) has been violated. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829-32 (9th Cir. 1986), *abrogated on other grounds*, 496 U.S. 384 (1990)). "A violation of the rule does not require subjective bad faith." *Id.* (citing *Zaldivar*, 780 F.2d at 829-32). If a court determines that Rule 11(b) has been violated, it "may impose an appropriate sanction on [the] attorney . . . responsible for the violation." Fed. R. Civ. P. 11(c)(1).

In addition to Rule 11's obligations, Rule 3.1 of the Rules of Professional Conduct of the State Bar of California provides that a lawyer shall not "present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law." Cal. R. Prof. Conduct 3.1(a)(2). Moreover, Rule 3.3 requires candor to the tribunal. That rule specifically provides that a lawyer shall not "knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

## IV.    DISCUSSION

### A.    Citations to Fictitious Cases

"'To start with the obvious, an attorney who submits fake cases clearly has not *read* those nonexistent cases.'" *Oneto v. Watson*, 808 F. Supp. 3d 974, 978 (N.D. Cal. 2025) (emphasis in original) (quoting *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 343 (E.D.N.Y. 2025)). Without reading the legal authorities upon which she relied, Ms. Barsotti could not have ensured "that the arguments made based on those authorities are 'warranted by existing law,' or otherwise 'legally tenable.'" *Park*, 91 F.4th at 615 (citations omitted); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law."). Ms. Barsotti's "submission of citations to nonexistent cases, on its own, constitutes a violation of FRCP 11(b)." *Oneto*, 808 F. Supp. 3d at 978 (collecting cases).

Ms. Barsotti's erroneous citations make clear she submitted Plaintiff's brief to the Court without conducting a reasonable inquiry into the validity of the legal authorities cited because she

3

United States District Court
Northern District of California

United States District Court
Northern District of California

otherwise would have recognized that the cases cited do not exist. Ms. Barsotti nonetheless signed and filed Plaintiff's brief, falsely certifying she had conducted a "reasonable inquiry into the facts and the law," *Bus. Guides, Inc.*, 498 U.S. at 551, and that the filing's "legal contentions" were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2). By including such unchecked authorities in her submission, Ms. Barsotti violated Rule 11. Further, Ms. Barsotti's submission of fictitious cases to the Court "not only violated Rule 11, it degraded or impugned the integrity of the Court and it also violated California Rules of Professional Conduct 3.1(a)(2), 3.3(a)(1), and 3.3(a)(2)." *Oneto*, 808 F. Supp. 3d at 978-79 (cleaned up) (quoting *United States v. Hayes*, 763 F. Supp. 3d 1054, 1064 (E.D. Cal. 2025) (noting that the submission of fictitious legal authority violates rules of professional conduct)).

To be clear, the Court does not prohibit or oppose the use of artificial intelligence in legal advocacy, so long as counsel independently verifies the accuracy of AI-generated content as required under Rule 11. Ms. Barsotti did not so certify here, and she has provided no reason for her failure to do so. This failure falls short of her obligations and "it further suggests a failure to keep abreast of changes in relevant technology as required by Rule 1.1 of the California Rules of Professional Conduct on attorney competence." *Oneto*, 808 F. Supp. 3d at 979 (citing Cal. R. Prof. Conduct 1.1, comment 1).

**B.    Sanctions Against Ms. Barsotti**

Where a court finds an attorney violated Rule 11(b), it "may impose an appropriate sanction" after the court has provided that attorney "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Sanctions for violation of Rule 11(b) may be imposed via motion or on a court's own initiative. Fed. R. Civ. P. 11(c)(2)-(3). "[U]nlike the situation in which an opposing party moves for Rule 11 sanctions – there is no 'safe harbor' in the Rule allowing lawyers to correct or withdraw their challenged filings" when a court considers issuing sanctions sua sponte. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001)

(citation omitted).  In light of this distinction, sanctions issued sua sponte under Rule 11 "will ordinarily be imposed only in situations that are *akin to a contempt of court.*"  *Id.* at 1116 (emphasis in original, citation omitted).  "The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation."  *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).  "'Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.'"  *Oneto*, 808 F. Supp. 3d at 979 (quoting *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489 496-97 (D. Wyo. 2025)).

By issuing an order to show cause, the Court provided Ms. Barsotti with notice and an opportunity to be heard on why sanctions or other appropriate disciplinary action should not issue for her use of nonexistent and erroneous citations in Plaintiff's opposition brief.  *See* ECF No. 42.  "Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court."  *Hayes*, 763 F. Supp. 3d at 1067 (citation omitted).  "Courts across the country have issued sanctions against attorneys . . . for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court."  *Id.* at 1071.  "Such sanctions may include (1) monetary sanctions, (2) striking the filing containing erroneous citations, (3) requiring written notification to the client, (4) requiring written notification to judges incorrectly identified as having authored nonexistent cases, and (5) referring attorneys to the appropriate disciplinary body for disciplinary proceedings."  *Oneto*, 808 F. Supp. 3d at 979 (requiring an attorney to pay a $1,000 fine to the court, serve a copy of the court's sanction order on their client, ordering the attorney to attend a continuing legal education course regarding the ethical use of artificial intelligence in the practice of law, and requiring the attorney to serve a copy of the court's sanction order on the State Bar of California); *see also Benjamin*, 779 F. Supp. 3d at 351 (requiring an attorney to pay a $1,000 fine to the court and serve a copy of the court's sanction order on their client); *Wadsworth*, 348 F.R.D. at 499 (imposing a $3,000 fine on an attorney who drafted a brief with nonexistent cases and a $1,000 fine for other attorneys who signed, but did not draft, the brief); *Allen v. Mercedes-Benz USA, LLC*, 2025 WL 1744451, at *3 (E.D. Cal. June 24,

United States District Court
Northern District of California

United States District Court
Northern District of California

2025) (referring violations of Rule 11 and a local rule to the State Bar of California "for whatever proceedings the State Bar deems appropriate").

The Court recognizes that "any sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989); *see also* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). With this requirement in mind, and having carefully considered Ms. Barsotti's conduct, as well as sanctions imposed by other courts for similar conduct, the Court concludes that the following sanctions are appropriate: (1) a $1,000 monetary sanction against Ms. Barsotti personally, payable to the Clerk of Court; (2) a requirement that Ms. Barsotti serve a copy of this order on her client; (3) a requirement that Ms. Barsotti participate in a Continuing Legal Education course of at least one hour regarding the ethical use of artificial intelligence in the practice of law; and (4) a directive to the Clerk of the Court to serve a copy of this order on the State Bar of California, of which Ms. Barsotti is a member. The Court finds these sanctions are proportionate to Ms. Barsotti's conduct and will serve as an effective deterrent to her, as well as other members of the Bar.

## V.    CONCLUSION

For the reasons stated above, the Court **ORDERS** the following sanctions for violation of Federal Rule of Civil Procedure 11(b) and violation of counsel's ethical duties:

1. Attorney Jessica Barsotti is personally sanctioned in the amount of $1,000. Within 21 days of the date of this order, Ms. Barsotti shall pay this sanction to the Clerk of Court. The case number and a copy of this order should be included with payment.

2. Within seven (7) days of the date of this order, Ms. Barsotti shall serve a copy of this order on Plaintiff Karl Gregoire.

3. Within 60 days of the date of this order, Ms. Barsotti shall file on the docket a declaration identifying and certifying her participation in a Continuing Legal Education course of at least one hour regarding the ethical use of artificial intelligence in the practice of law.

4. The Court orders the Clerk of Court to serve a copy of this order on the State Bar of

California.

5. The order to show cause issued on April 27, 2026 (ECF No. 42) is hereby discharged.

**IT IS SO ORDERED.**

Dated: May 6, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

7