UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARL GREGOIRE,

          Plaintiff,

   v.

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

          Defendant.

Case No.  25-cv-02150-TSH

**ORDER EXTENDING DEADLINE TO FILE PROOF OF SERVICE**

Re: Dkt. No. 44

On May 6, 2026, the Court issued a third order to show cause in this case after Defendant San Francisco Bay Area Rapid Transit District presented evidence suggesting portions a declaration filed by Jessica Barsotti, counsel for Plaintiff Karl Gregoire, were inaccurate.  ECF No. 44.  The order required Ms. Barsotti to show cause in writing by May 13, 2026 why sanctions should not issue, and to serve the order on Plaintiff with proof of service by May 8, 2026.  Ms. Barsotti has failed to file proof of service.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is "to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties and their attorneys that fail to comply with court orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all

others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). The Court also may impose sanctions for civil contempt "to coerce obedience to a court order." *Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.") *Gen. Signal Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "the amount required to prevent future violations"); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of sanctions to coerce compliance with court order). Similarly, the Local Rules of the Northern District of California provide that "[f]ailure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction." Civ. L.R. 1-4.

Plaintiff has repeatedly missed deadlines in this case, and Ms. Barsotti has accepted responsibility for those failures. *See* Opp'n at 3, ECF No. 40; Barsotti Decl. ¶¶ 3–9, ECF No. 40-1. Although Ms. Barsotti represented that she "is fully prepared to comply with all remaining obligations and to proceed with the case in a timely manner," ECF No. 40 at 3, she has already missed the first deadline imposed after making that representation. The Court further notes that Ms. Barsotti appeared in another case in this District the day before that deadline, making her failure to comply here even less clear. *See Fergus v. San Francisco Bay Area Rapid Transit District*, No. 3:25-cv-05993-TLT, ECF No. 47 (May 7, 2026 Minute Order noting Ms. Barsotti's appearance for plaintiff). Apart from demonstrating a continued disregard for court orders by Ms. Barsotti, there remains no evidence that Plaintiff is aware of the status of this case.

Accordingly, the Court finds that further monetary sanctions are appropriate to compel Ms. Barsotti to comply with this Court's orders. However, the Court shall give Ms. Barsotti a final opportunity to file proof of service of the May 6, 2026 Order (ECF No. 44) on her client and **ORDERS** Ms. Barsotti to serve both the May 6, 2026 Order and this Order on Plaintiff by May

United States District Court
Northern District of California

13, 2026.[1]  If proof of service for both orders is not filed by May 13, 2026, additional sanctions of $50.00 per day against Ms. Barsotti shall issue from May 13, 2026, until proof of service is filed.

**IT IS SO ORDERED.**

Dated: May 12, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

---

[1] The Court reminds Ms. Barsotti that this is also the deadline for her to file proof of service for the sanctions order issued on May 6, 2026.  *See* ECF No. 45.