UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL GREGOIRE, | Case No. 25-cv-02150-TSH |
| Plaintiff, | |
| v. | **ORDER EXTENDING DEADLINE TO RESPOND TO THIRD ORDER TO SHOW CAUSE** |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | Re: Dkt. No. 44 |
| Defendant. | |

On April 16, 2026, the Court ordered Plaintiff Karl Gregoire to show cause why this case should not be dismissed after he failed to timely oppose Defendant San Francisco Bay Area Rapid Transit District's motion for terminating sanctions. ECF No. 37. Although the Court discharged that order after Plaintiff's counsel attributed the missed deadlines to personal, medical, and law-firm management issues (*see* ECF Nos. 39-41), Defendant later presented evidence suggesting that portions of counsel Jessica Barsotti's declaration may have been inaccurate or misleading (ECF No. 43). In response, the Court invoked Rule 11 concerns and ordered Ms. Barsotti to show cause by May 13, 2026, why sanctions should not be imposed, including possible striking of filings, monetary sanctions, or referral to appropriate authorities. ECF No. 44. Ms. Barsotti has failed to respond.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is "to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties and their attorneys that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just

order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). The Court also may impose sanctions for civil contempt "to coerce obedience to a court order." *Gen. Sig. Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.") *Gen. Signal Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "the amount required to prevent future violations"); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of sanctions to coerce compliance with court order). Similarly, the Local Rules of the Northern District of California provide that "[f]ailure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction." Civ. L.R. 1-4.

Given Ms. Barsotti's failure to respond to the May 6 show cause order, the Court finds monetary sanctions are appropriate to compel her compliance. However, the Court shall give Ms. Barsotti a final opportunity to respond and **ORDERS** Ms. Barsotti to file a response by June 9, 2026. If no response is filed by June 9, the Court **ORDERS** as follows: sanctions of $50.00 per day against Ms. Barsotti shall issue from June 9, 2026, until a response is filed.

Ms. Barsotti shall serve a copy of this order on Plaintiff Karl Gregoire and shall file proof of service by June 9, 2026.

**IT IS SO ORDERED.**

Dated: June 1, 2026

THOMAS S. HIXSON
United States Magistrate Judge

2

United States District Court
Northern District of California